PHILIP GOLDBERG, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

In an action to recover damages for injuries alleged to have been caused by defendant's negligence, these facts appeared: Plaintiff alighted from one of defendant's trains at a depot, on the side of the train away from the depot, and in passing over another track was struck by the engine of another train and injured. The bell of the engine was ringing, and the train was moving at a speed not exceeding two or three miles an hour. Neither the engineer nor the fireman saw the plaintiff, and he testified that he did not see the train because of the steam from the engine of the other train obstructing his vision. The train from whence plaintiff alighted had started from the depot before the trains met. *Held*, that the evidence failed to show any negligence on defendant's part, and so that the submission of the question to the jury was error.

Also *held*, that a rule of the defendant prohibiting trains from approaching stations when other trains are discharging their passengers, had no application, as the train from whence plaintiff alighted had discharged its passengers and both trains were moving.

(Argued March 24, 1892; decided April 12, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made July 2, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict.

This action was brought to recover damages for injuries received by plaintiff while crossing defendant's tracks.

The following is the opinion in full:

"We are unable to find any evidence in the case justifying a finding of negligence on the part of the defendant. The south-bound train, which struck the plaintiff, approached the

station under full control, with bell ringing, and moving, according to the undisputed evidence, at a speed not exceeding two or three miles an hour. The north-bound train, from which the plaintiff had alighted, had started from the station before the trains met, after discharging and receiving its passengers, and the engines of the two trains passed each other at least one hundred feet north of the point of the accident. Rule 110 prohibits trains from approaching stations when other trains are discharging their passengers. This rule was not violated by the engineer of the south-bound train. This rule has no application when both trains are moving.

"Neither the engineer nor the fireman of the south-bound train saw the plaintiff. If, as the plaintiff claims, he could not see the south-bound train by reason of the steam from the engine of the north-bound train obstructing his vision, there can be no inference that the engineer and firemen of the south-bound train saw, or could have seen, the plaintiff. The train on which the plaintiff had taken passage ran on the east of the three tracks, the one nearest the station. Instead of alighting on the east side where the station and platform were, he, for his own convenience, to reach the dock on the river, alighted on the west side, and to reach the dock was obliged to pass over two tracks between that point and the river, and was struck by the engine of a train on the west tracks. The trainmen were instructed to require passengers arriving at the station to leave the train on the east side, but passengers sometimes got off on the west side. It was shown that the employes of the company were accustomed to prevent their doing so when they observed passengers attempting to get off on that side.

"The jury have found that the plaintiff was free from contributory negligence against what seems to be the great preponderance of evidence. But conceding that there was a question for the jury, we think the judgment should be reversed for want of any proof of the defendant's negligence. The trainmen violated no rule. They were not in fault for not seeing the plaintiff, as must be assumed upon the plaintiff's own theory of the situation. The great probability is that the plaintiff attempted to run across the tracks in advance of the train, or blindly proceeded without looking. But on his own

version· of the circumstances, taken in connection with the uncontradicted facts as to the management of the south-bound train, the plaintiff did not make out a cause of action.

" The judgment should be reversed and a new trial granted."

*Hamilon Harris* for appellant.

*William Riley* for respondent.

ANDREWS, J., reads for reversal.
All concur.
Judgment reversed. _____